FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -1  PM 12: 26

Mary C. Geddes, Esq.
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907)·646-3400

Attorney for Defendant


# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>SHANE A. MASSEY,<br><br>    Defendant. | Case No. A03-0086 CR (RRB)<br><br><br>PARTIES' MOTION FOR<br>RECONSIDERATION |

   The Ninth Circuit Court of Appeals remanded this case, pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir. 2005), to answer the question of whether the sentence would have been different if the court had known the Sentencing Guidelines were advisory.

)00

The parties stipulated to a post-*Ameline* resentencing and asked for an order expediting Mr. Massey's return to this district for his resentencing.[1]

The district court initially denied the request for resentencing, but has now allowed for reconsideration upon its reassignment of the case to another district court judge.

The district court's pronouncement of the sentence in open court omitted any statement of reasons. *Compare* 18 U.S.C. § 3553(c). Therefore, the court's limited statements do not include any express consideration – or rejection – of the matters discussed in this memorandum. Tr. 34-39.

### *Mr. Massey's Current Status and Institutional HIstory*

By way of background for the request that Mr. Massey's release and resentencing be held as soon as possible, Mr. Massey is now 64 years old. But for this conviction, Mr. Massey has no criminal history. He received a sentence of 41 months, which was a mid-range Guideline sentence (37 to 46 months). Mr. Massey also was fined according to the then-mandatory Sentencing Guidelines in the amount of $7,500. Although the charges against Mr. Massey were tax-related, no restitution payments to the Internal Revenue Service were contemplated or ordered at that time.

---

[1] Mr. Massey had represented himself at trial, at sentencing, and initially on appeal. In the district court, he presented no defense and made no argument except that he had been denied "assistance of counsel." Mr. Massey was eventually represented on appeal and is currently represented in district court proceedings.

Incarcerated since July 2, 2003, Mr. Massey's sentence runs until June 22, 2006. He currently is scheduled for a March 2006 transfer from USP Atwater, California, to the Cordova Center in Anchorage for the last four months of his sentence.

During his time in prison, Mr. Massey has had no disciplinary reports, has participated in numerous BOP educational programs, and has worked in institutional jobs. His initial salary as a kitchen worker was $18 per month, but he now earns $43 per month. While incarcerated, he has paid off his special assessment.

More importantly, during his incarceration he has corresponded with the Internal Revenue Service and has now signed off on three years of tax returns as prepared by the Internal Revenue Service after their correspondence. The IRS has determined, and Mr. Massey has agreed, that he owes $203,147.98 (including interest and penalties) for those three years.

### Bases for Reconsideration

The district court initially rejected resentencing based in part upon the determination that Mr. Massey's post-sentencing rehabilitation is irrelevant to a limited remand for *Ameline* purposes. Although Mr. Massey respectfully disagrees with that analysis, other circumstances were documented at the time of Mr. Massey's sentencing which could not have been considered under the mandatory regime of the Sentencing Guidelines.

3

<u>The Court Could Have Considered His Age at the Time of Sentencing
As Weighing Against Any Risk of Recidivism</u>

Under the mandatory Guidelines, age was not relevant pursuant to U.S.S.G.

§ 5H1.1, unless in unusual cases and in combination with other factors. However, age is a

"characteristic of the defendant," *see* 18 U.S.C.A. § 3553(a)(1), which "shall" be considered,

*id.*, particularly if it is relevant to a determination of *"the need for the sentence imposed."* 18

U.S.C. § 3553(a)(2) (italics added). Post-*Booker* courts have noted that recidivism is

markedly lower for older defendants, and have declined to impose Guideline sentences

because of it. *United States v. Lucania*, 379 F. Supp. 2d 288, 297 (E.D.N.Y. July 28, 2005);

*see also United States v. Carmona-Rodriguez*, 2005 WL 840464, *4 (S.D.N.Y. April 11,

2005); *Simon v. United States*, 316 F. Supp. 2d 35, 2005 WL 300073 (E.D.N.Y March 17,

2005); *United States v. Carvajal*, 2005 WL 476125 (S.D.N.Y. Feb. 22, 2005); *United States

v. Nellum* , 2005 WL 300073 (N.D. Ind. Feb. 3, 2005).

The decision in *Carmona-Rodriguez*, *supra*, notes that defendants "over the

age of forty . . . exhibit markedly lower rates of recidivism in comparison to younger

defendants." *See Measuring Recidivism: The Criminal History Computation Of The Federal

Sentencing Guidelines,* at 28 (2004), available at http://www.ussc.gov/publicat/

Recidivism_General.pdf. (stating that for those defendants in Criminal History Category I,

the recidivism rate for defendants who are between the ages of 41 and 50 is 6.9 percent,

whereas the recidivism rate for such defendants who are between the ages of 31 and 40 is

greater than 12 percent, departure granted to 30 months).

4

At the time of sentencing in 2003, Mr. Massey was almost 62 years old. PSR,
cover sheet. He was already in Criminal History Category I; therefore a horizontal departure
to a lower criminal history category to reflect the low risk of recidivism was not available to
him. The court failed to consider his age at the time of sentencing as weighing against any
risk of recidivism.

The Court Could Have Considered That
Defendant's *Early* Satisfaction of Outstanding
Tax Liabilities Would Serve Sentencing Reform Act Purposes

Since *Booker*, "the Guidelines are no longer a straightjacket binding courts to
artificially created and cruel paradoxes of sentencing." *United States v. Carvajal*, 2005 WL
476125 (S.D.N.Y. Feb. 22, 2005). "Punishment should not be more severe than that
necessary to satisfy the goals of punishment."

In this tax-related case, the court ordered Mr. Massey, as special conditions of
his supervised release, to make good faith efforts to cooperate with the IRS, to resolve any
tax liability, and to file past-due tax returns.[2]

Had Mr Massey been sentenced under advisory Sentencing Guidelines, this
court could have considered that sentencing and correctional objectives would have been
better satisfied by a shorter sentence. *See* 18 U.S.C. § 3553(a)(3) ("the court . . . shall

_____

[2] At sentencing, the PSR writer had estimated Mr. Massey's tax loss as $100,558.89
(without interest or penalties). Since that time, the IRS has determined, and Mr. Massey has
agreed, that he owes $203,147.98 (including interest and penalties).

5

consider . . . the kinds of sentences available"). This is, after all, a tax case, in which Mr. Massey's non-compliance with the laws and "tax protester" strategies wrought his prosecution. Achieving Mr. Massey's compliance with the tax laws and maximizing the payment of back taxes would serve the objectives of the Sentencing Reform Act at § 3553(a)(1)(A) ("just punishment for the offense) and (D) ("provide the defendant with needed correctional treatment").

Mr. Massey, a doctor of chiropractic in his sixties who apparently had some past medical problems (see PSR), has a limited number of years remaining as a productive worker. During incarceration, his ability to pay his tax liabilities and to promote a practice and client base, through which he can make meaningful restitution, is non-existent.

The Sentencing Reform Act includes, among its objectives, the making of restitution to any victims of the offense. 18 U.S.C. § 3553(a)(7). While restitution, as such, was not ordered by the court, his resolution of his tax liability was required. Among the non-Guideline sentences that the court could have imposed if the Guidelines had been merely advisory was a probationary term, with conditions of confinement, that would have still provided Mr. Massey with a lengthy period of supervision in which to monitor his compliance with the tax laws.

Originally, the court was unable to consider the sentencing goal of making "restitution" and the sentences which could best facilitate this sentencing goal.

6

## The Court Could Have Considered the Sentences
## Received by Other Similar Defendants in Similar Cases

Previously, consideration of sentencing disparities among defendants with

similar records and convicted of similar conduct was limited to that among co-defendants

convicted of identical offenses, *United States v. Caperna*, 251 F.3d 827, 830-31 (9th Cir.

2001) (*quoting in part United States v. Daas*, 198 F.3d 1167, 1180-81 (9th Cir. 1999)), or in

the consecutive-concurrent decision-making context. *See* 18 U.S.C. § 3584 (requires the

sentencing court to consider the factors listed in § 3553(a) to determine whether a

consecutive or concurrent sentence is warranted).

Post-*Booker*, this court can now consider "the need to avoid unwarranted

sentence disparities among defendants with similar records who have been found guilty of

similar conduct" in formulating a just sentence. 18 U.S.C.A. § 3553(a)(6). This legislative

mandate serves two purposes: to avoid injustice to the individual defendant and to promote

public confidence in the sentencing fairness.

Post-*Booker*, then, counsel for Mr. Massey would point to some disparate

sentencing outcomes within this district for what can be termed "tax protestor" cases. The

undersigned is personally aware of at least two cases in this district in which older defendants

without criminal histories, and with comparably positive work histories, engaged in similarly

lengthy episodes of corruptly endeavoring to impede the administration of justice or the tax

laws. In *United States v. Helen Smith*, A03-0087 CR (JKS) (convicted of conspiracy, willful

failure, and evasion), the defendant received a 24 month prison sentence, a $25,000 fine, and

7

was required to pay $497,550.98 restitution. In the case of *United States v. Eugene Warner*, A97-0046 CR (JKS) (convicted of corruptly endeavoring), Mr. Warner received an 18-month prison term, a $25,000 fine, and $686.85 attorney's fees and costs. While there have been two lònger señtences meted in other cases of which Mr. Massey is aware, the undersigned believes that those defendants did not have similar records or their acts were not similar.

This information was not presented at the original sentencing because it could not be considered under a mandatory guideline system.

### The Court Could Have Positively Considered His Legitimate Employment

Similar to "age," a defendant's employment was a discouraged factor under the mandatory Guideline regime, *see* U.S.S.G. § 5H1.5 "not ordinarily relevant", and could only be a basis for a downward departure in unusual circumstances which removed it from the heartland. *See, e.g., United States v. Brady,* 895 F.2d 538, (9th Cir. 1990). Now, this court may consider and incorporate such information 18 U.S.C. § 3553(a) ("the history and characteristics of the defendant") into its determination as to the need for the sentence imposed. Section 3553(a)(2).

Shane Massey originally was licensed as an Alaska chiropractor on October 10, 1975. He had his own practice in Soldotna from 1994 at least through 1999. No professional sanctions or disciplinary actions against his license were reported in the Presentence Report.

8

## The Court Could Have Weighed His
## Offenses Versus a Long and Law-Abiding Life

Pre-*Booker*, Mr. Massey's acts would **not** have qualified for a downward departure under U.S.S.G. § 5K2.20,[3] even though his criminal conduct was markedly aberrational in the context of a long and otherwise law-abiding life.[4]  In the aftermath of *Booker*, however, the Sentencing Reform Act clearly does permit the court's consideration of the history and characteristics of the defendant, without limitation.  See 18 U.S.C.A. § 3553(a)(1).

Because the district court made no remarks at sentencing, it does not appear that these matters were considered.

### *Conclusion*

Because there were circumstances in existence at sentencing which could have been considered if the Guidelines had been advisory, and because those circumstances (age and decreased risk of recidivism, need to resolve outstanding tax liability, similar defendants with shorter sentences, aberrant conduct not qualifying for a departure, positive employment history) were not considered by the court, Mr. Massey has established a reasonable

---

[3]  Section 5K2.20.  Aberrant Behavior (Policy Statement)
. . . .
(b) Requirements. – The court may depart downward under this policy statement *only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration;* and (3) represents a marked deviation by the defendant from an otherwise law-abiding life.

[4]  At the age of 61, Mr. Massey had no criminal history.  He was cited for speeding in 1989. PSR.

9

probability that his sentence would have been different under advisory Sentencing

Guidelines. Mr. Massey asks that his sentence be vacated and set for resentencing.

DATED this 1st day of December, 2005.

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA


Mary Geddes
Assistant Federal Defender


DATED this 1st day of December, 2005.

TIMOTHY M. BURGESS
United States Attorney


Tom Bradley
Assistant U.S. Attorney


Certification:

I certify that on December 1, 2005, I hand
delivered a copy of this document to:

Tom Bradley, Esq.
U.S. Attorney's Office
222 West 7th Avenue, No. 9, Room 253
Anchorage, AK 99513-7567


Lenora L. Roehling

I declare under penalty of perjury that a true and correct
copy of the foregoing was sent tot he following counsel
of record on December 1, 2005, via:

(✔) Placed in FPDO Box at Front Desk

Mary C. Geddes
Federal Public Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501

Executed at Anchorage, Alaska, on December 1, 2005.


Kristin Eickstedt
U.S. Attorney's Office

10